**In re RAFTER SEVEN RANCHES LP, Debtor.**

**Rafter Seven Ranches LP, Appellant,**

v.

**C.H. Brown Company, Appellee.**

**BAP No. KS–06–028.**
**Bankruptcy No. 05–40483–12.**

United States Bankruptcy Appellate Panel of the Tenth Circuit.

Feb. 21, 2007.

**26**

Submitted on the briefs: * William E. Metcalf of Metcalf & Justus, Topeka, KS, for Appellant.

Richard Petersen–Klein and Justice B. King of Fisher, Patterson, Sayler & Smith, Topeka, KS, for Appellee.

Before CORNISH, MICHAEL, and THURMAN, Bankruptcy Judges.

## OPINION

CORNISH, Bankruptcy Judge.

In this Chapter 12 bankruptcy, Rafter Seven Ranches LP ("Debtor") appeals the bankruptcy court's denial of its objection to a creditor's claim, as well as the denial of a motion to reconsider. For the following reasons, we affirm both orders of the bankruptcy court.

## I. BACKGROUND FACTS [1]

In 2001, Debtor needed irrigation sprinkler systems on four quarter-sections of its Kansas farm property. Debtor was interested in purchasing used sprinkler systems. Therefore, its general partner, Michael J. Friesen ("Friesen"), contacted Ochs' Irrigation ("OI"), one of very few dealers selling used sprinkler systems. OI did not have suitable used sprinklers in stock, but Kenny Ochs ("Ochs"), principal of OI, after some investigation, soon apprised Debtor he had located the desired sprinklers. However, Ochs informed Debtor he needed funds before he could purchase the sprinklers. Debtor did not have funds available to purchase the sprinklers, so at the suggestion of Ochs, Debtor contacted C.H. Brown Co. ("Brown"), a Wyoming private agricultural and equipment lender, regarding financing the purchase of the sprinkler systems. At a meeting conducted on April 20, 2001, Brown agreed to finance Debtor's acquisition of four used sprinkler systems to be supplied and installed by OI.

Shortly after the meeting, Brown forwarded four equipment leases (collectively "Leases," individually "Lease"), one for each sprinkler system, to the Debtor for execution. General manager Erol Klassen ("Klassen") immediately executed the Leases on behalf of Debtor. They were each for a term of five years; required semi-annual payments; and were to be governed by Wyoming law. The Leases approved payment to OI for the sprinkler systems by Brown. Brown then forwarded the purchase money to OI. The parties were aware that the sprinkler systems were needed as soon as possible for the May, 2001, corn planting season.

In July, 2001, one sprinkler system was delivered and installed by OI, but it did

* The parties did not request oral argument, and after examining the briefs and appellate record, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. Bankr.P. 8012. The case is therefore ordered submitted without oral argument.

1. In its *Memorandum and Order Addressing Matters Relating to C.H. Brown Co. ("Memo-* *randum"),* the bankruptcy court makes very extensive findings of fact. *See Memorandum* at 2–12 *in* Appellant's App. at 37–47. A complete recitation of those facts in this Opinion are not necessary to disposition of the appeal, and thus what follows is a summary of the pertinent facts.

not conform to any of the Leases in terms of serial number or equipment characteristics. Nevertheless, Debtor made what use he could of the sprinkler system. Two additional nonconforming sprinkler units were delivered to Debtor sometime between mid-August and mid-September of 2001. After examination, Friesen directed that they not be installed. This equipment was left standing in the fields. It was never completely assembled, nor was it made operational. The fourth sprinkler system was never delivered.

On November 1, 2001, Debtor sent a letter to Brown stating that it had previously threatened to reject the sprinklers and repudiate the Leases, and that under the circumstances, Debtor could not honor the Leases. This letter was sent before the first payments were due. Upon receipt of the November 1st letter, Brown phoned Friesen to inform him that Brown had no responsibility for breach of warranty, and that Debtor still owed the payments under the Leases. Debtor then sent Ochs a letter dated November 23, 2001, indicating it expected Ochs to pay Brown for the sprinkler systems. However, the letter also indicated Debtor would try to mitigate further damages by hiring someone to move or modify the existing systems to try to make them operational. No payments were ever made under the Leases. After demand letters proved futile, Brown filed suit against both Debtor and Ochs in Wyoming state court in July, 2003. A default judgment was eventually entered in favor of Brown against Ochs.

Debtor filed this Chapter 12 bankruptcy action on March 7, 2005. The filing of this bankruptcy case stayed Brown's Wyoming state court action against Debtor. Brown filed its proof of unsecured claim in the amount of $116,680 due under the Leases, plus interest[2] and attorney's fees. Debtor objected to Brown's claim, asserting the equipment was never delivered, and that Debtor rescinded and repudiated the Leases in its November 1, 2001, letter to Brown. A trial on Debtor's objection to Brown's claim was held on January 9–10, 2006.

After trial, the bankruptcy court entered its order on February 10, 2006, finding that Debtor was liable under three of the four Leases. The court further ruled Brown was entitled to a claim for rental payments, prepetition interest at the contract rate, and prepetition attorney's fees and expenses with respect to the Leases. On February 20, 2006, Debtor filed its motion to reconsider. On March 8, 2006, the bankruptcy court entered its order denying Debtor's motion to reconsider. Debtor now appeals both the bankruptcy court's order denying its objection to Brown's claim and the order denying its motion to reconsider.

## II. JURISDICTION

This Court has jurisdiction to hear timely-filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit, unless one of the parties elects to have the district court hear the appeal. 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr.P. 8002. Neither party elected to have this appeal heard by the United States District Court for the District of Kansas. The parties have thus consented to appellate review by this Court.

■ A decision is considered final "if it 'ends the litigation on the merits and leaves nothing for the court to do but

---

**2.** Under the Leases, interest at the rate of 10% was due from the date of each semi-annual payment required but not made.

execute the judgment.'" *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 712, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) (quoting *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945)). An order disposing of an objection to a claim is a final order for purposes of 28 U.S.C. § 158(a)(1). *See In re Geneva Steel Co.,* 260 B.R. 517, 520 (10th Cir. BAP 2001) (citing *In re Garner,* 246 B.R. 617, 619 (9th Cir. BAP 2000)), *aff'd,* 281 F.3d 1173 (2002). Here, nothing remains for the bankruptcy court's consideration. Thus, the orders denying Debtor's objection to claim and denying Debtor's motion to reconsider are final orders for purposes of review.

## III. STANDARD OF REVIEW

We review *de novo* mixed questions consisting primarily of legal conclusions drawn from facts. *Gullickson v. Brown (In re Brown),* 108 F.3d 1290, 1292 (10th Cir.1997) (citing *Clark v. Sec. Pac. Bus. Credit, Inc. (In re Wes Dor, Inc.),* 996 F.2d 237, 241 (10th Cir.1993)). *De novo* review requires an independent determination of the issues, giving no special weight to the bankruptcy court's decision. *Salve Regina Coll. v. Russell,* 499 U.S. 225, 238, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991). The bankruptcy court's denial of Debtor's objection to Brown's claim is predicated on Debtor's liability under the Leases, which in turn depends on whether Debtor accepted or effectively rejected the sprinkler systems. This situation presents a mixed question consisting of a legal conclusion drawn from the facts.

■ The bankruptcy court's denial of Debtor's motion to reconsider is subject to

the abuse of discretion standard of review. *Comm. for the First Amendment v. Campbell,* 962 F.2d 1517, 1523 (10th Cir.1992) (applying a Rule 59(e) abuse of discretion standard of review to the denial of a motion for reconsideration). *See also Anthony v. Baker,* 767 F.2d 657, 666 (10th Cir. 1985). "Under the abuse of discretion standard[,] 'a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances.'" *Moothart v. Bell,* 21 F.3d 1499, 1504 (10th Cir.1994) (quoting *McEwen v. City of Norman,* 926 F.2d 1539, 1553–54 (10th Cir.1991)). An abuse of discretion occurs when the trial court's decision is "arbitrary, capricious or whimsical" or results in a "manifestly unreasonable judgment." *Moothart,* 21 F.3d at 1504–05 (quoting *United States v. Wright,* 826 F.2d 938, 943 (10th Cir.1987)).

## IV. ANALYSIS[3]

On appeal, Debtor argues that the bankruptcy court erred in concluding Debtor accepted delivery of the sprinkler systems because they "were never completely delivered and [Debtor] was in constant contact with [Brown] concerning this problem[.]" *Appellant's Brief* at 1. Debtor also argues the bankruptcy court erred "in deciding the case based on issues and principles not articulated in the Pre–Trial Order or in any other pleadings[.]" *Id.* These arguments are not persuasive.

The bankruptcy court determined, and the parties agreed, that the Leases in dispute are finance leases subject to Article 2A of the Uniform Commercial Code.[4] Pur-

---

3. In its *Memorandum,* the bankruptcy court went through a rather detailed analysis of Debtor's objection to Brown's claim. See *Memorandum* at 12–24 *in* Appellant's App. at 47–59. Because we agree with the bankrupt-

cy court's analysis as correct, it need not be repeated in total in this Opinion.

4. Wyoming has adopted the 1990 version of the Uniform Commercial Code at Wyo. Mt.

suant to U.C.C. § 2A–407, because a lessor is providing only financing and the goods are supplied to the specifications of the lessee, the lessee's promises under the contract generally become irrevocable and independent upon acceptance of the goods. Here, whether or not Debtor "accepted" the three sprinkler systems supplied by OI and financed by Brown is the critical issue. The bankruptcy court found that Debtor "accepted" the sprinkler systems because it acted in a way indicating intent to retain the goods despite their nonconformity, and because with respect to the second and third sprinkler systems, it failed to make an effective rejection. We agree.

Under U.C.C. § 2A–515, acceptance of goods may be made by affirmatively signifying acceptance, acting with respect to the goods as though they are accepted, or by failing to make an effective rejection of the goods in accordance with U.C.C. § 2A–509. A rejection of goods pursuant to U.C.C. § 2A–509 "is ineffective unless it is within a reasonable time after tender or delivery of the goods and the lessee seasonably notifies the lessor." If no time is prescribed by the agreement for rejection, then U.C.C. § 1–204 provides that a "reasonable time" depends on the nature, purpose and circumstances of such action, and that an action is taken "seasonably" when it is taken within a reasonable time.

 The first sprinkler system was delivered and installed in July, 2001. Debtor used the sprinkler for his 2001 crops. In doing so, Debtor acted in such a manner as to indicate intent to retain the system despite nonconformity with the Lease. Such actions constitute acceptance under U.C.C. § 2A–515. With respect to the two sprinkler systems delivered between mid-August and mid-September, Debtor's conduct was also insufficient to avoid acceptance under the Leases. Although upon delivery of the second and third sprinkler systems Friesen directed they not be installed because they were nonconforming, Debtor's subsequent actions were inconsistent with its initial position of rejection. Debtor's letters to Brown on November 1, 2001, and to Ochs on November 23, 2001, still did not unequivocally reject the sprinklers. To the contrary, Debtor stated it intended to place the sprinklers in operation.

Even if Debtor's actions with respect to the second and third sprinkler systems do not constitute conduct establishing acceptance, the bankruptcy court correctly concluded that Debtor cannot be said to have rejected the goods within a reasonable time or to have seasonably notified the lessor of any rejection. Debtor had complained about OI's performance since early May, but stopped short of unconditionally rejecting the goods. Brown should have been given prompt notice of rejection so performance could have been demanded from OI as soon as Debtor determined the goods were unacceptable. Rejection in November was simply too late.

The bankruptcy court determined that because Debtor's rejection was not within the required reasonable time, it was ineffective. As a result, Debtor accepted the sprinkler systems and became liable under the Leases. Here, the facts presented are undisputed and the bankruptcy court correctly applied the law to the facts. We see no error on the part of the bankruptcy court.

The Debtor also argues the bankruptcy court committed error "in deciding the case based on issues and principles not articulated in the Pre–Trial Order or in any other pleadings[.]" *Appellant's Brief*

Ann. § § 34.1–1–101 to –10–104 (2006). Citations herein are to the 1990 version of the U.C.C. rather than the Wyoming statutory sections.

at 1. Debtor, however, cites no authority for its position. Primarily, Debtor asserts that "the issue whether rejection was seasonably provided to [Brown] was never raised...." *Id.* at 13. This argument is without merit. First, Debtor agreed that Article 2A of the U.C.C. governed the Leases, and the issue of seasonable notice is a provision of U.C.C. § 2A–509A. Second, the pre-trial order clearly contemplates that the question of whether "delivery" of the sprinklers had been made was at issue, notwithstanding that actual delivery of some of the sprinkler systems (although nonconforming) had in fact been made.[5] The pre-trial order further indicates that one of the sprinklers was assembled, but never properly operated. Logically, the actual delivery and use of at least one of the sprinkler systems indicates that "acceptance or rejection" of the goods is an issue bearing on Debtor's liability under the Leases.

Moreover, several weeks before Debtor filed its objection to Brown's claim, Brown filed a motion to establish a specific date for assumption or rejection of the Leases. The hearing on Debtor's objection to Brown's claim was also a hearing on Brown's motion to set a date for assumption or rejection. *Memorandum* at 1 *in* Appellant's App. at 36. We see no unfairness or impropriety resulting from the bankruptcy court's consideration of Debtor's failure to seasonably notify Brown of its rejection of the goods, as alleged by Debtor. Thus, the bankruptcy court's order finding Debtor liable under three of the Leases and therefore overruling Debtor's objection to Brown's claim to that extent must be affirmed.

In its motion to reconsider, Debtor further argues the bankruptcy court made two errors in denying Debtor's objection to Brown's claim for the three sprinkler systems. First, Debtor argues its duty to accept or reject the sprinklers in a reasonable time would not arise until the sprinklers were completely delivered and installed so they could be properly tested. Second, Debtor asserts it was Brown's duty to assure the sprinklers were delivered because it was the only party in privity with OI, the supplier, and this Brown did not do.

In response to Debtor's first argument for reconsideration, the bankruptcy court correctly concluded that acceptance could not be delayed until after installation and testing of the sprinkler systems. The terms of the Leases specify that Debtor's obligation to pay commences upon receipt of the equipment. Further, the Leases provide that Brown is not responsible for installation or servicing of the equipment. Additionally, under U.C.C. § 2–515, acceptance is conditioned only upon an opportunity to inspect, not an opportunity to test.

In response to Debtor's second argument for reconsideration, the bankruptcy court correctly determined that Debtor failed to timely advise Brown that OI delivered nonconforming sprinklers and that it would not accept them. Failing to do so in a reasonable time constituted acceptance. After acceptance, Debtor's remedies are against OI, the supplier, not Brown, the lessor. Under these circumstances, we cannot say that the bankruptcy court's order denying Debtor's motion to reconsider is "arbitrary, capricious or whimsical" or results in a "manifestly unreasonable judgment."

## V. CONCLUSION

The bankruptcy court did not err in denying Debtor's objection to Brown's

---

5. Under Debtor's contentions in the pre-trial order, it states: "What was delivered to [Debtor] was basically 'a pile of junk.'" *Fi-* *nal Pretrial Conference Order* at 3 *in* Appellant's App. at 108.

claim. Nor did the bankruptcy court abuse its discretion in denying Debtor's motion to reconsider. Therefore, the orders must be affirmed.