In re Johnnie Robert McCAULL, also known as J.R. McCaull, Debtor.

**Johnnie Robert McCaull, Appellant,**

v.

**Susan J. Manchester, Trustee, Appellee.**

**BAP No. WO–08–084.**
**Bankr.No. 05–10370.**

United States Court of Appeals,
Tenth Circuit.

Jan. 26, 2009.

Before McFEELEY, Chief Judge, NUGENT, and BROWN, Bankruptcy Judges.

## OPINION *

NUGENT, Bankruptcy Judge.

Debtor–Appellant Johnnie Robert McCaull appeals the bankruptcy court's order denying his motion to reconsider its attorney's fees award to the trustee's attorney. Finding no error, we AFFIRM.[1]

## I. Factual Background

On August 14, 2001, Debtor filed a personal injury case in the United States District Court for the District of Kansas styled *McCaull v. New Prime Inc.* ("*New Prime*").[2] Thereafter, on January 14, 2005, he filed a Chapter 7 petition. Appellee Susan Manchester was appointed trustee of McCaull's bankruptcy estate. The bankruptcy court also appointed Ms. Manchester attorney for the trustee.

In her capacity as the trustee's attorney, Ms. Manchester participated in the *New Prime* case as well as in two adversary proceedings filed in the McCaull Chapter 7 case. First, on March 8, 2005, she filed an adversary proceeding against Debtor to recover assets contained in various trusts controlled by him (the "Turnover AP").[3] She prevailed in this case and the Debtor was ordered to turn over the corpus of each of the trusts. On May 22, 2006, St. Peters Catholic Church ("St. Peters") filed

---

* This unpublished opinion is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. 10th Cir. BAP L.R. 8018–6(a).

1. The parties did not request oral argument, and after examining the briefs and appellate record, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal. Fed. R. Bankr.P. 8012. The case is therefore ordered submitted without oral argument.

2. Case No. CIV–01–1263–MLB.

3. Complaint (05–1078), Docket Sheets, page 3 of 22.

a complaint against the trustee alleging it did not receive notice of the Turnover AP and asserting an interest in the assets of McCaull's trusts.[4] St. Peters and the trustee reached an agreed settlement of this adversary in August 2007. The part of the agreement relevant here provided that "[e]ach party shall be solely responsible for that party's attorney fees associated with the adversary proceeding." After notice and a hearing, the bankruptcy court approved the trustee's motion for approval of settlement and compromise of the St. Peters adversary.

In the interim, Ms. Manchester settled the *New Prime* action for $700,000.00, and obtained an Order Approving Compromise (the "PI Order"). That order authorized the trustee to pay the following claims and liens from the settlement proceeds: (1) a total of $245,929.62 in attorney's fees to McCaull's Kansas personal injury counsel (the "PI attorneys"); (2) the PI attorneys' costs, totaling $85,175.95; (3) all medical and hospital liens attaching to the settlement proceeds; and (4) $50,000 to Debtor on account of his Oklahoma law exemption in the proceeds of his personal injury claim.[5]

After making these disbursements and after having completed her work in the adversary proceedings, the trustee filed her Final Attorney Fee Application ("Fee App") on July 7, 2008, seeking $36,845.75 for her legal services and $547.66 for her actual and necessary expenses incurred in prosecuting and defending the *New Prime* case and the two adversary proceedings. Debtor McCaull objected to the Fee App

on three grounds: (1) that he did not receive notice of the Fee App, (2) that the fee request was contrary to Ms. Manchester's agreement to pay her own attorney's fees in the compromise of the St. Peters adversary, and (3) that the fee request violated Oklahoma law limiting an attorney's fee recovery to fifty percent of a judgment or settlement in a personal injury case.[6] After a hearing, the bankruptcy court found Debtor's objection untimely and deemed the application confessed pursuant to Bankruptcy Rule 2002. In addition, the bankruptcy court found the fees and expenses reasonable and necessary under Bankruptcy Rule 2016. On August 8, 2008, the bankruptcy court issued an order authorizing the trustee's attorney to be paid $36,845.75 in attorney's fees and $547.66 in expenses (the "Fee Order").

On August 15, 2008, Debtor filed a motion for reconsideration of the Fee Order. On September 10, 2008, the bankruptcy court issued an order denying Debtor's motion to reconsider, holding that whether he received proper notice of the Fee App or not, his objections to it were without merit.[7] McCaull timely appealed.

## II. Appellate Jurisdiction

 We have jurisdiction to hear timely filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit, unless one of the parties elects to have the district court hear the appeal.[8] A decision is considered final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."[9] The bankruptcy

---

4. Complaint by St. Peters, Docket Entry # 70, *in* Docket Sheets, page 8 of 22.

5. Okla. Stat. Ann. tit. 31, § 1(A)(21) (2008).

6. Okla. Stat. Ann. tit. 5, § 7 (2008).

7. Debtor did not raise the notice issue on appeal.

8. 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr.P. 8002.

9. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) (internal quotation marks omitted).

court's order denying the motion to reconsider was a final order for purposes of § 158(a).[10] Debtor's notice of appeal was timely filed within ten days of entry of the appealed order. Neither party elected to have this appeal heard by the district court for the Western District of Oklahoma. Thus, this Court has jurisdiction to review the order.

### III. Standard of Review

We review final orders denying motions to reconsider for an abuse of discretion.[11] A bankruptcy court's award of attorney's fees will not be disturbed on appeal absent an abuse of discretion or erroneous application of the law.[12] "However, any statutory interpretation or other legal analysis underlying the [trial] court's decision concerning attorney fees is reviewed de novo."[13] We do not disturb the bankruptcy court's exercise of discretion unless we have a "definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances."[14]

### IV. Discussion

Since Debtor's motion to reconsider was filed nine days after the Fee Order was entered on the docket, this Court construes it as a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) which applies in bankruptcy pursuant to Bankruptcy Rule 9023. A Rule 59(e) motion is only appropriate where a court has misapprehended the facts, a party's position, or controlling law.[15]

As a preliminary matter, this Court notes that Debtor's motion to reconsider did not raise any new issues that would qualify as grounds for granting the motion. Thus, denial of Debtor's motion to reconsider on that basis would be proper and within the bankruptcy court's discretion.[16]

■ Because Debtor's motion to reconsider was a timely Rule 59 motion, this Court may review the merits of the underlying judgment.[17] Indeed, by revisiting the merits of the Fee App and the Debtor's objections to it, the bankruptcy court implicitly granted Debtor's request for reconsideration. In the end, the bankruptcy court reaffirmed the conclusions it reached in the Fee Order and denied relief from that order. As a brief consideration of both orders on their merits will demonstrate, nothing the bankruptcy court did here approaches an abuse of discretion.

---

10. *In re San Miguel Sandoval*, 327 B.R. 493, 505 (1st Cir.BAP2005) (Bankruptcy court order denying reconsideration is "final, appealable order if the underlying order was final appealable order, and together the orders end the litigation on the merits."); *Dimeff v. Good (In re Good)*, 281 B.R. 689, 697 (10th Cir. BAP2002); *In re Yermakov*, 718 F.2d 1465, 1469 (9th Cir.1983) (attorney's fee award, entered in the peculiar context of a bankruptcy proceeding, was final appealable order).

11. *In re Rafter Seven Ranches LP*, 362 B.R. 25, 28 (10th Cir.BAP2007), *aff'd*, 546 F.3d 1194 (10th Cir.2008).

12. *Gray v. English*, 30 F.3d 1319, 1321 (10th Cir.1994); *In re Lederman Enters., Inc.*, 997 F.2d 1321, 1323–24 (10th Cir.1993).

13. *In re Meridian Reserve, Inc.*, 87 F.3d 406, 409 (10th Cir.1996).

14. *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir.1994) (quoting *McEwen v. City of Norman*, 926 F.2d 1539, 1553–54 (10th Cir.1991)).

15. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.2000).

16. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991) (summarily affirming denial of motion to reconsider because movant failed to demonstrate any basis for relief).

17. *Pippin v. Burlington Res. Oil and Gas Co.*, 440 F.3d 1186, 1191 (10th Cir.2006).

■ We first consider the bankruptcy court's Fee Order as it relates to Ms. Manchester's work on the adversary proceedings. Debtor argues the settlement agreement between St. Peters and the trustee plainly obligated her to pay her own attorney's fees and that the bankruptcy court erred when it authorized the trustee to use estate funds to pay her attorney's fees. This argument fails. As Trustee, Ms. Manchester was appointed to administer the assets of the bankruptcy estate. The Code makes clear that the trustee is the representative of the bankruptcy estate [18] and that suits brought on behalf of or against the bankruptcy estate must be brought in the trustee's name.[19] The bankruptcy judge properly concluded that the "pay ... own attorney's fees" agreement contained in the settlement agreement between St. Peters and the trustee constituted an agreement between St. Peters and the estate.[20] The attorney's fees incurred by the trustee's lawyer in defending the St. Peters' action were incurred on behalf of the estate. While the agreement plainly required the estate to bear its own legal fees and expenses, it in no way precluded the estate's attorney from being paid by the estate for her services.

■ Debtor's second argument challenges the further award of attorney's fees to the trustee in connection with her work on the *New Prime* settlement. He argues that because that award increases the amount of money received by lawyers on account of their work on that case above fifty percent of the estate's recovery, it violates Oklahoma's fifty percent fee rule.

Debtor contends that the bankruptcy court failed to follow the rule enunciated by the Oklahoma Supreme Court in *State ex rel. Oklahoma Bar Ass'n v. Weeks*[21] and incorrectly calculated the attorney's fees allowance in the personal injury case. Debtor argues *Weeks* mandates that attorney's fees in a personal injury case cannot be more than fifty (50%) of the net recovery, which requires first deducting medical liens and costs from the total settlement proceeds. Unfortunately, nowhere in the *Weeks* opinion is this concept referenced in any fashion.

*Weeks* involved an Oklahoma Bar Association complaint against two lawyers who, after entering into a contingent fee agreement with their civil rights client, obtaining a $50,000 settlement, and collecting their 40 percent fee of $20,000, also collected and retained a statutory attorney's fee from the defendant under 42 U.S.C. § 1988. The Oklahoma Supreme Court held that when the attorneys received not only the contingency fee from their client but also the court-awarded fees from their client's adversary, they received duplicate fees for the same services and that receipt of those duplicate fees constituted a violation of Oklahoma's version of Rule of Professional Conduct 1.5(a).[22] *Weeks* does not purport to interpret or enforce the Oklahoma fifty percent fee statute. Nor is there any reference in the opinion to "net recovery" in the context of applying the fifty percent fee limitation.

The source of the fifty percent rule is statutory. The Oklahoma fee limitation statute states in relevant part:

---

**18.** 11 U.S.C. § 323(a).

**19.** *Bellini Imports, Ltd. v. Mason and Dixon Lines, Inc.*, 944 F.2d 199, 201–02 (4th Cir. 1991) (The trustee must be named as the party defendant in an action to proceed against assets of the estate.).

**20.** *Order Denying Motion to Reconsider* at 3, *in* Appellant's App. at 23.

**21.** 969 P.2d 347 (Okla.1998).

**22.** *Id.* at 357.

It shall be lawful for an attorney to contract for a percentage or portion of the proceeds of a client's cause of action or claim not to exceed fifty percent (50%) of the *net amount of such judgment as may be recovered, or such compromise as may be made,* whether the same arises ex contractu or ex delicto, and no compromise or settlement entered into by a client without such attorney's consent shall affect or abrogate the lien provided for in this chapter.[23]

This statute makes no reference to the deduction of medical liens and costs, but does state that the fifty percent limitation must be applied to the "net amount" of the settlement. Debtor cites no authority to support the proposition that medical liens and costs must first be deducted and this Court has found none. Medical liens attach to personal injury settlements to assure healthcare providers of payment for services rendered to plaintiffs. Amounts paid with respect to medical liens are amounts paid for the injured party's benefit. If they are not paid from the settlement, presumably the injured party remains liable for them.

In his objection to the Fee App,[24] Debtor cited *Weeks* for the proposition that "the Personal Injury attorney fee can not [sic] be more than fifty percent (50%) of the total settlement." He alleged that "[t]he personal injury attorney's fees if added up between all attorneys involved on the Debtor/Plaintiff's side of the matter comes to [$354,059.55]," thereby exceeding the allowable $350,000 cap.[25] This calcula-

tion oversimplifies matters by ignoring the "net amount" provision in the fee statute.

The bankruptcy court properly applied the fifty percent rule when it deducted the personal injury attorneys' expenses before applying the contingency percentage, as is required by Oklahoma law.[26] Doing so effectuated the "net amount" referenced in the fee statute. Here, the total or gross settlement of the personal injury action was $700,000. After deducting the litigation costs (approved in the PI Order) of $85,175.95, the remaining "net amount" was $614,824.05. Fifty percent of the gross settlement is $350,000. Fifty percent of the "net amount" is $307,412. If the PI attorneys' fees and the trustee's fees relating to the *New Prime* case were less than $307,412, the fees awarded would be consistent with the fee statute.

The bankruptcy court found the total amount of attorney's fees requested was $282,775.37, not $354,059.55 as alleged by Debtor. The PI attorneys were awarded $245,929.62 in attorney's fees pursuant to the PI Order. The Trustee sought $36,845.75 in attorney's fees. Erring on the side of caution, the bankruptcy court attributed all of the Trustee's fee request to the personal injury case even though it was clear that not all of the fees were expended on the *New Prime* matter. Combined, those figures equal $282,775.37, which is less than $307,412, fifty percent of the net settlement amount. Accordingly, we conclude that the bankruptcy court did not err in its judgment or exceed the

---

**23.** Okl. Stat. Ann. tit. 5, § 7 (2008) (emphasis added).

**24.** Objection to [Fee App], Dockey Entry # 165, *in* Docket Sheets, page 18 of 22.

**25.** This Court notes that Debtor often fails to explain his figures and resulting calculation. In some instances, Debtor's explanation does not support his figures. For example, this

Court was unable to parse the $354,059.55 figure based on Debtor's claims.

**26.** *See State ex rel. Okla. Bar Ass'n v. Watson,* 897 P.2d 246, 252 (Okla.1994) (attorney disciplined for basing fee on gross recovery before litigation expenses were paid rather than on net recovery after expenses were taken).

bounds of permissible choice in denying Debtor's motion to reconsider.

## V. Conclusion

The bankruptcy court did not abuse its discretion in this case. We AFFIRM its order denying Debtor's motion to reconsider.[27]

---

**27.** Trustee's *Motion to Strike Appellant's Exhibits Attached to the Brief of Appellant and Appendix,* filed November 10, 2008, is DENIED.